## ROGERS vs. DAVIS.

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where the party takes his commission six months before trial to procure testimony and makes no effort, to obtain it, he has not used sufficient diligence to obtain a continuance.

The fear of eviction, or being disquieted in the possession of real property is no good reason to delay the payment of the price.

If the party knew of the incumbrance before he purchased, it is doubtful if he can even demand security when he fears eviction.

This is an action by the holder against the acceptor of a bill of exchange drawn and made payable at Portland in the state of Maine.

There were various circumstances set out in the defence to

show that the acceptor had received no consideration for the draft; that it was drawn and accepted under certain conditions known to the present holder, which were never fulfilled or complied with.

Interrogatories were propounded to the plaintiff touching his interest in and right to sue on this bill, which were ordered to be answered.

On the 18th April, 1840, a commission was taken out by defendant to procure the testimony of A. Clapp of Portland, the payee of the bill, to explain the circumstances under which it was drawn and the consideration; also the incumbrance on the property for which it was given. The commission was, it seems, never executed.

In November following a continuance was asked, until the testimony of nameless witnesses were taken, which was refused, and the defendant ruled to trial. He took his bill of exceptions.

There was judgment for the plaintiff and the defendant appealed.

*Peyton & Smith*, for the plaintiff.

*Durell*, for the defendant.

*Garland, J.* delivered the opinion of the court.

This is an action brought by the endorsee of a draft against the acceptor. The latter alleges the consideration of the bill was part of the price of a house and lot in Portland, Maine, sold by one Eben Steel to him, and that it was drawn, endorsed and accepted, under an agreement among all the parties, that there was a mortgage on the house and lot at the time, which was to be raised before the bill was paid, and as it has not been raised the consideration has failed. Interrogatories were propounded to the plaintiff as to his interest in the bill and the consideration of it. He answers that the bill was endorsed and given to him to collect and apply the proceeds to discharge a mortgage on the house and lot in favor of Clapp, the endor-

CASES IN THE SUPREME COURT

EASTERN DIS.  ser. From these answers, the answer of the defendant to the
April, 1841.  petition and the affidavits made by him and his agent, it would
ROGERS      appear that Clapp had a mortgage on the house and lot; the
vs.         defendant purchased it, and to accommodate all parties, Bailey
DAVIS.      drew the draft in favor of Clapp, which was accepted to facili-
tate the arrangement, and if the defendant had paid the draft
at maturity, we think it more than probable the mortgage
would have been released, for the amount of it at least.

The defendant filed his answer in April, 1840, and on the
same day asked for a commission to take testimony out of the
State, which was granted. He made no effort to take the tes-
timony. His interrogatories were answered early in May and
it is presumed were soon after returned into the court below.
The defendant took no other step to prepare his defence until
late in October when he again asked for another commission to
take testimony, but in it names no witnesses. The cause was
fixed for trial on the 16th of November and five days before the
day, he made an affidavit to obtain a continuance, which was

Where the  offered by his counsel on the day of trial in support of a mo-
party takes his
commission six  tion to that effect. The judge overruled the motion principally
months before  on the ground that sufficient diligence was not used to procure
trial to procure
testimony and  the testimony. We think he was correct. For more than six
makes no effort,
to obtain it, he  months after the defendant had filed his answer and had the
has not used
sufficient dili-  authority of the court to procure testimony he made no effort
gence to obtain  to obtain it.
a continuance.

The fear of  But if he had the testimony as stated in his affidavit, it would
eviction, or be-
ing disquieted  not avail him. It has been long settled that a fear of eviction
in the posses-
sion of real pro-  or being disquieted in the possession of real property is no rea-
perty is no good
reason to delay  son to delay payment of the price; 3 La. Rep., 458, 490.
the payment of  The purchaser may, under the La. Code, art. 2535, demand
the price.

If the party  security, but it is not asked in the answer in this case; and if
knew of the in-
cumbrance be-  it were, it is somewhat doubtful whether it would have been
fore he pur-
chased, it is  ordered, as the defendant knew of the incumbrance when he
doubtful if he
can even de-  purchased; and we believe if he had have paid the price he
mand security
when he fears  promised, the incumbrance would to that extent have been re-
eviction.       leased.

We think the law and equity of the case are against the de-fendant, and therefore affirm the judgment of the Commercial Court with ten per cent. damages and costs.